**Steven H. Rubin, Esquire**
Attorney I.D. No. 60227
1109 Saunders Court, Suite 206
West Chester, PA  19380
(610) 701-5818
shrlaw@comcast.net
**Attorney for Defendants, Philadelphia Vision Center,
Barco Optical, Inc., Bruce Rubin and Dr. Beth Brooks**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF PENNSYLVANIA, Plaintiffs | : : : : | |
| *ex rel.* ALISHA ALEJANDRO, Relator | : : : | CIVIL ACTION NO. 2:20-cv-02027-GJP |
| v. | : : | |
| PHILADELPHIA VISION CENTER, BARCO OPTICAL, INC., BRUCE RUBIN and DR. BETH BROOKS, Defendants | : : : : : | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, PHILADELPHIA VISION CENTER, BARCO OPTICAL, INC., BRUCE RUBIN AND DR. BETH BROOKS TO DISMISS COMPLAINT

Defendants, Philadelphia Vision Center, Barco Optical, Inc., Bruce Rubin and Dr. Beth Brooks, by ad through their counsel, Steven H. Rubin, respectfully submit the instant Memorandum of Law in support of their Motion to Dismiss the Complaint.

**I.   SUMMARY OF ARGUMENT**

Plaintiffs and Relator have brought forth a Qui Tam action for an alleged violation of the False Claims Act, 31 U.S.C. § 3729.  The claims have previously been

litigated and that litigation terminated in Defendants' favor. All of the claims in the complaint are without merit and the complaint should be dismissed with prejudice.

## II. MATTER BEFORE THE COURT

Defendants, Philadelphia Vision Center, Barco Optical, Inc., Bruce Rubin and Dr. Beth Brooks, by and through her counsel, Steven H. Rubin, bring forth the immediate Motion, pursuant to Fed.R.C.P. 12(b)(6), to dismiss Plaintiff's complaint with prejudice.

## III. STATEMENT OF QUESTIONS INVOLVED

1. Should the complaint be dismissed as all causes of action in the prior related case have been litigated and that litigation was terminated in Defendants' favor?

Suggested Answer: Yes.

## IV. PERTINENT ALLEGATIONS/FACTS

Alisha Alejandro's instant lawsuit is another egregious abuse of the legal system by her counsel who is manipulating Ms. Alejandro in an attempt to leverage the pending Dragonetti action filed against Ms. Alejandro and the attorney (by the moving Defendant, Bruce Rubin), which was scheduled to begin trial but came to an abrupt halt after Plaintiff's counsel, Paul A.R. Stewart's, glaring unethical conduct compelled the Court to preclude his appearance at trial, which has now become the subject of Mr. Stewart's frivolous appeal, certain to be dismissed. The Honorable Harvey Bartle III's Opinion addressing the frivolous claims by Plaintiff, Alisha Alejandro, is attached as Exhibit A. The Honorable Michael Erdos's Opinion addressing Paul A.R. Stewart's ethical malfeasance is attached as Exhibit B. The Court cannot permit this outrageous behavior to continue and this matter must be dismissed. Defendants intend to file a Motion for Rule 11 sanctions.

On July 5, 2017, Paul A. R. Stewart, Esquire, on behalf of Alisha Alejandro, filed a complaint against Philadelphia Vision Center and Bruce Rubin (PHL CCP Docket #1702-07325).

On May 2, 2018, Paul A. R. Stewart, Esquire, on behalf of Alisha Alejandro, filed a third amended complaint against Philadelphia Vision Center, Bruce Rubin and Beth Lisa Brooks. The third amended complaint included an allegation that Defendants violated 31 U.S.C. § 3729 (Paragraph 67). The complaint also included the following allegations: "Bruce Rubin submitted payment for the eye examination from Plaintiff's insurance policy. Bruce Rubin submitted the NPI and license number for Dr. Beth Lisa Brooks for payment of medical services rendered to Plaintiff. Dr. Beth Lisa Brooks did not treat Plaintiff. Dr. Beth Lisa Brooks has never met Plaintiff. Dr. Beth Lisa Brooks did not review Plaintiff's medical chart. Dr. Beth Lisa Brooks did not issue a prescription to Plaintiff. Dr. Beth Lisa Brooks obtained compensation for services rendered to Plaintiff. Dr. Beth Lisa Brooks had full knowledge that Bruce Rubin processed payment for Plaintiff using Dr. Brooks license and NPI number. Bruce Rubin did not charge for services rendered by the actual doctor who treated Plaintiff. Bruce Rubin and Dr. Brooks received compensation from Superior Vision Benefit Management Inc of Linthicum Maryland on February 16, 2017." (Paragraphs 49 through 58). A copy of the third amended complaint is attached hereto as Exhibit C.

On August 29, 2018, this Court entered summary judgment in favor of Defendants as to counts I and II of the third amended complaint. Copies of the Memorandum and Orders dated August 29, 2018, are attached hereto as Exhibit A.

On September 12, 2018, this Court approved the parties' joint stipulation to dismiss

with prejudice counts III and IV of the third amended complaint. A copy of the stipulation is attached hereto as Exhibit D.

On October 18, 2018, Defendant, Bruce Rubin, filed a complaint against Paul A. R. Stewart, Helm Legal Services and Alisha Alejandro, in the Court of Common Pleas of Philadelphia County, for wrongful use of civil proceedings and abuse of process related to the prior related case (PHL CCP Docket #1810-02397). A copy of the complaint is attached hereto as Exhibit E. That matter is awaiting trial.

On April 28, 2020, Paul A. R. Stewart, Esquire, on behalf of United States of America and State of Pennsylvania *ex rel.* Alisha Alejandro filed a Qui Tam action pursuant to 31 U.S.C. § 3729 against Defendants, despite the fact that the issue was already litigated and that litigation was terminated in favor of Defendants. Plaintiff filed the Qui Tam action for what appears to be an attempt to retaliate against Defendants for filing an action for wrongful use of civil proceedings and abuse of process against Plaintiffs. Paragraph 41 of the Complaint in this action avers: "However, the defendant Barco Optical, inc., subsequently submitted to Medicare/Medicaid request for payment reimbursement for services provided to Alejandro using NPI 185139184, Pennsylvania License Number PAOEG1383, which belonged to Dr. Brooks." Those averments were included in the prior related case (PHL CCP Docket #1702-07325). Paragraph 50 of the Complaint in this action described the related case as an "unrelated action" in a blatant attempt to have res judicata, issue preclusion and/or claim preclusion not apply to this action. Plaintiff's failure to include all causes of action in the prior related case does not justify the filing of a new Complaint. On the Designation Form for the complaint in the current suit it is indicated that there are no related cases that were terminated within one year in this Court. However,

there is pending litigation involving the wrongful use of civil proceedings and abuse of process related to the prior suit that was terminated in Defendants' favor as of September 12, 2018.

The United States Attorney's Office has declined to intervene in this case.

V.     **ARGUMENT**

   A.     **Applicable Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of a cause of action for the failure to state a claim upon which relief can be granted. In deciding a dismissal motion, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relied." Phillips v. County of Allegheny, 515 F.3d 224,233 (3d. Cir. 2008). However, a complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Com. v. Twombley, 550 U.S. 544, 556 (2007). " See also Famology.com. Inc. v. PerotSvstems. Com., 158 F. Supp. 2d 589, 590 (E.D. Pa. 200l) (citing H.J.. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-250 (1989) (holding that complaints should be dismissed when it is clear that no relief could be granted under any set of facts that might be proven consistent with the allegations).

A claim has facial plausibility when Plaintiff pleads factual content that allows the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556. The Court need not accept as true "'unsupported conclusions unwarranted inferences," Baraka v. McGreevey, 481 F.3d 187, 195 (3d. Cir. 2007) (citation

omitted), and "[l]egal conclusions made in the guise of factual allegations ... are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs. Ltd., 448 F. Supp. 2d. 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the ground of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly. 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). There must be a "'showing,' rather than a blanket assertion, of entitlement to relief." Phillips, 515 F.3d at 231 (quoting, Twombly, 550 U.S. at 555.) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Byers v. Intuit, Inc., 564 F. Supp. 2d 385, 396 (E.D. Pa. 2008). A complaint must provide "[e]nough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Twombly, 550 U.S. at 556.

B.  **Motion to Dismiss Complaint**

All counts of the complaint should be dismissed as the allegations in the complaint were the subject of litigation in the prior related case that was terminated in favor of Defendants. Res judicata applies to the allegations in the complaint and the complaint fails to state a claim upon which relief can be granted. Accordingly, the complaint should be dismissed with prejudice.

Res judicata, or claim preclusion, is designed to draw a line between claims that

have merit and claims that are vexatious, repetitious and needless. Res judicata reflects the need for courts to put an end to litigation. When one has been given the opportunity to fully present her case in a court and the contested issue is decided against her, she may not later renew the litigation in another court. <u>Heiser v. Woodruff</u>, 327 U.S. 726,733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946); <u>Purter v. Heckler</u>, 771 F.2d 682, 689 to 690 (3rd Cir. 1985). Plaintiff is attempting to renew the prior litigation after having had the opportunity to fully present her case in the prior related action.

In order to raise successfully the defense of res judicata, the party asserting the defense must demonstrate that (1) there has been a final judgment on the merits in a prior suit; (2) the prior suit involves the same parties or their privies and (3) the subsequent suit is based on the same causes of action. <u>United States v. Athlone Industries, Inc.</u>, 746 F.2d 977, 983 (3d Cir.1984).

The third amended complaint in the prior related case included an allegation that Defendants violated 31 U.S.C. § 3729 (Paragraph 67). The third amended complaint also included the following allegations: "Bruce Rubin submitted payment for the eye examination from Plaintiff's insurance policy. Bruce Rubin submitted the NPI and license number for Dr. Beth Lisa Brooks for payment of medical services rendered to Plaintiff. Dr. Beth Lisa Brooks did not treat Plaintiff. Dr. Beth Lisa Brooks has never met Plaintiff. Dr. Beth Lisa Brooks did not review Plaintiff's medical chart. Dr. Beth Lisa Brooks did not issue a prescription to Plaintiff. Dr. Beth Lisa Brooks obtained compensation for services rendered to Plaintiff. Dr. Beth Lisa Brooks had full knowledge that Bruce Rubin processed payment for Plaintiff using Dr. Brooks license and NPI number. Bruce Rubin did not charge for services rendered by the actual doctor who treated Plaintiff. Bruce Rubin and Dr. Brooks received compensation from Superior

Vision Benefit Management Inc of Linthicum Maryland on February 16, 2017." (Paragraphs 49 through 58).

Final judgment on the merits was entered in the prior related suit on August 29, 2018, when this Court entered summary judgment in favor of Defendants as to counts I and II of the third amended complaint, and on September 12, 2018, when this Court approved the parties' joint stipulation to dismiss with prejudice counts III and IV of the third amended complaint. The Memorandum of August 29, 2018, included the following: "The following facts are undisputed: . . . Although Dr. Johnson administered the eye exam to Alejandro, PVC Welsh and Rubin mistakenly used a billing code for a different PVC Welsh optometrist, Beth Lisa Brooks, O.D., who had never examined Alejandro. After the error was discovered at some time during discovery in this action, PVC Welsh and Rubin notified the holder of the Alejandro's vision insurance plan, which covered the eye exam. This error did not impact the billing or coverage of Alejandro's vision insurance plan. Payments for services rendered by optometrists who work for PVC Welsh are paid to Barco Optical. The optometrists who work at PVC Welsh do not receive payment directly from vision insurance plans. Rather, they are paid a salary by PVC Welsh."

The prior suit involves the same parties. Bruce Rubin is the owner of 100% of Barco Optical, Inc., which owns 100% of the Philadelphia Vision Center located at 2536 Welsh Road. Barco Optical, Inc., was not named as a defendant in the prior related suit. While the prior related suit did not have the United States of America and State of Pennsylvania as Plaintiffs, Plaintiff's attorney's failure to include these Plaintiffs does not change the fact that the party seeking relief in both the prior suit and the current suit is the same. Plaintiff's failure to include necessary parties in the prior suit does not justify the filing of a second lawsuit in an attempt to relitigate an issue that was part of the prior case. The party seeking relief is purportedly Alisha

Alejandro, but Defendants believe that the actual party seeking relief is the attorney that filed the prior suit, the same attorney that is a defendant in the pending case based on the wrongful use of civil proceedings and abuse of process for instituting the prior suit and the same attorney that filed an appeal to the Superior Court of Pennsylvania of an Order entered in the pending wrongful use of civil proceedings action that removed that attorney as counsel for Alisha Alejandro, a codefendant in that matter. That appeal is still active.

The current suit is based on the same allegations contained in the pleadings in the prior suit. The prior lawsuit had an averment in Paragraph 67 of the third amended complaint that: "Defendants conduct violates the Federal False Claims Act 31 US § 3729-3733." The third amended complaint also included the following allegations: "Bruce Rubin submitted payment for the eye examination from Plaintiff's insurance policy. Bruce Rubin submitted the NPI and license number for Dr. Beth Lisa Brooks for payment of medical services rendered to Plaintiff. Dr. Beth Lisa Brooks did not treat Plaintiff. Dr. Beth Lisa Brooks has never met Plaintiff. Dr. Beth Lisa Brooks did not review Plaintiff's medical chart. Dr. Beth Lisa Brooks did not issue a prescription to Plaintiff. Dr. Beth Lisa Brooks obtained compensation for services rendered to Plaintiff. Dr. Beth Lisa Brooks had full knowledge that Bruce Rubin processed payment for Plaintiff using Dr. Brooks license and NPI number. Bruce Rubin did not charge for services rendered by the actual doctor who treated Plaintiff. Bruce Rubin and Dr. Brooks received compensation from Superior Vision Benefit Management Inc of Linthicum Maryland on February 16, 2017." (Paragraphs 49 through 58).

The allegations in the current suit are based on alleged violations of the same statutes. Plaintiff's Complaint included three causes of action, Count I for allegedly presenting false claims, Count III for allegedly conspiring to violate 11 U.S.C. § 3729 and Count IV for allegedly

failing to pay or transmit money to the government as allegedly required pursuant 11 U.S.C. § 3729. The complaint has no Count II. The billing error was litigated in the prior related case and all possible causes of action related to the billing error, which this Court found "did not impact the billing or coverage of Alejandro's vision insurance plan" were terminated in Defendants' favor.

The Supreme Court has stated that the doctrine of res judicata consists of two preclusion concepts: issue preclusion and claim preclusion. Claim preclusion refers to the preclusive effect of a judgment in barring relitigation of the same causes of action. Issue preclusion or collateral estoppel, which was intended to be a more narrow application of res judicata, refers to the effect of a judgment in foreclosing relitigation of all matters that were actually and necessarily determined in a prior suit. <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984), cited in <u>United States v. Athlone Indus., Inc.</u>, 746 F.2d 977, 983 n. 4 (3d Cir.1984). Both issue preclusion and claim preclusion apply to the current suit. All issues in the current suit were litigated in the prior related suit and all claims that were or could have been brought in the prior suit are barred from relitigation.

## V. **<u>REQUESTED RELIEF</u>**

WHEREFORE, for all of the foregoing reasons, Defendants, Philadelphia Vision Center, Barco Optical, Inc., Bruce Rubin and Dr. Beth Brooks, hereby request that this Honorable Court rule in their favor, and against Plaintiffs, United States of America and

State of Pennsylvania *ex rel.* Alisha Alejandro, Relator, by entering the attached Order.

Respectfully submitted,

Dated: September 30, 2020

_____
Steven H. Rubin
Attorney for Defendants, Philadelphia Vision Center, Barco Optical, Inc., Bruce Rubin and Dr. Beth Brooks