IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF PENNSYLVANIA ex rel. ALISHA ALEJANDRO, *Plaintiffs/Relator,* v. PHILADELPHIA VISION CENTER, BARCO OPTICAL, INC., BRUCE RUBIN, AND DR. BETH BROOKS, *Defendants.* | CIVIL ACTION NO. 20-2027 |

**PAPPERT, J.** January 4, 2021

### MEMORANDUM

Relator Alisha Alejandro asserts claims against Defendants Philadelphia Vision Center, Barco Optical, Inc., Bruce Rubin and Dr. Beth Brooks on behalf of the United States under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3279, *et seq.* Defendants contend her claims are barred by the doctrines of claim and issue preclusion and move to dismiss her Complaint. The Court denies their motion.

I

A

Alejandro "was a patient of Defendant Vision Center from 2009 thr[ough] 2016." (ECF 1, ¶ 16.) Barco Optical, Inc. is Philadelphia Vision Center's alleged owner, Brooks is a licensed optometrist who "is an independent contractor working for Vision Center and other locations" and Rubin is Barco's owner. (*Id.* ¶¶ 18-20.) Alejandro alleges Rubin submitted claims for Medicare/Medicaid reimbursements under certain doctors' National Provider Identifier ("NPI") numbers even when care was provided by another

doctor. (*Id.* ¶¶ 41-52.) She thus contends "Defendants have retained unlawful payments resulting from improper, false and fraudulent payment requests" and "have not notified Medicaid or relevant government agencies of any overpayment, or retention of payments resulting from" such requests. (*Id.* ¶¶ 56-57.) She also alleges "Brooks receives compensation for permitting Barco to bill using her designated NPI number despite having no contact with patient or providing any service to Barco." (*Id.* ¶ 52.) She claims "[u]se of Dr. Brooks['s] NPI coding and location for billings for which [she] had no contact, supervision, oversight, nor actually performed medical services is a violation of the Anti-Kickback Statute[,] 42 U.S.C. § 1320a-7b(b)."[1] (*Id.* ¶ 59.)

In Count I, Alejandro alleges that "Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A). (*Id.* ¶ 70.) In Count III – there is no Count II – she alleges an FCA conspiracy claim: that "Defendants knowingly conspired with each other to commit acts in violation of 31 U.S.C. § 3729(a)(1)(A) and (B)[2] and (G)." (*Id.* ¶ 79.) In Count IV, she asserts an FCA claim for reverse false claims: that "Defendants knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government in violation of 31 U.S.C. § 3729(a)(1)(G)." (*Id.* ¶ 83.) In support of her allegations, Alejandro cites "information obtained from Rubin's deposition in an unrelated matter" that she does not identify. (*Id.* ¶ 24; *see also id.* ¶¶ 50, 62.) She also alleges that, "[a]s a party to a prior federal

---

[1] The Anti-Kickback Statute provides that "[w]hoever knowingly and willfully . . . pays any remuneration . . . to any person to induce such person . . . to refer an individual . . . for the furnishing . . . of any item . . . for which payment may be made . . . under a Federal health care program . . . shall be guilty of a felony." 42 U.S.C. § 1320a-7b(b)(2).

[2] Alejandro does not allege a separate claim under 31 U.S.C. § 3729(a)(1)(B).

2

civil suit," also not identified, "Defendant Brooks had actual knowledge of the improper billing scheme and failed to correct the false billing or refund overpayments issued using her NPI number." (*Id.* ¶ 64.)

B

Although Alejandro does not identify the "unrelated matter" cited in her Complaint, this is not the first time she has sued the Defendants. In her Third Amended Complaint in *Alejandro v. Philadelphia Vision Center*, a case filed in the Philadelphia County Court of Common Pleas and removed to this Court, Alejandro asserted claims against Defendants under the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1, et seq., the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. §§ 4 & 16, along state law civil conspiracy claim. *See Alejandro v. Philadelphia Vision Ctr.*, No. 18-2150 (E.D. Pa.), at ECF 1, ECF pages 10-30.[3] Alejandro alleged Defendants violated the FCA in the prior suit but did not assert a claim under the Act. (*Id. at* ¶ 67.) She also alleged Rubin "did not charge for services rendered by the actual doctor who treated her," but instead submitted a claim for her treatment that included "the NPI and the license number for Dr. Beth

---

[3] Alejandro contends Defendants' motion impermissibly relies on *Alejandro v. Philadelphia Vision Center* because she did not cite, allude to or rely upon its Third Amended Complaint in her *qui tam* Complaint. She argues Defendants' motion must be converted to a summary judgment motion pursuant to Federal Rule of Civil Procedure 56 before the Court may consider arguments pertaining to her prior case. (ECF 8 at 10-12.) However, in deciding a motion to dismiss the Court may consider any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks and citation omitted). The Court can consider documents filed in *Alejandro v. Philadelphia Vision Center* because they are matters of public record. "The rationale underlying this [rule] is that the primary problem raised by looking to documents outside the complaint [is] lack of notice to the plaintiff," and this problem "is dissipated where the plaintiff has actual notice and has relied upon these documents in framing the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). As the plaintiff in the prior suit, Alejandro has notice of the facts she alleged and the claims she raised and their disposition.

Lisa Brooks." *(Id.* at ¶¶ 49-58.)

On August 29, 2018, Judge Bartle entered summary judgment in the prior case in Defendants' favor on Counts I and II of Alejandro's Third Amended Complaint: her UTPCPL and conspiracy claims. *See* (ECF 7-4) (granting unopposed summary judgment motion). Then, on September 12, 2018, Alejandro, Philadelphia Vision Center, Bruce Rubin and Beth Brooks stipulated to the dismissal "with prejudice" of the federal claims "included in the Third Amended Complaint and indicated at Counts III and IV:" the Sherman Act and Clayton Act claims. *See* (ECF 7-7).

II

The FCA imposes civil liability on "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." § 3729(a)(1)(A). "A claim is legally false when it does not comply with a statute or regulation the compliance with which is a condition for Government payment." *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 486 (3d Cir. 2017) (citation and internal quotation omitted). But the FCA "is not a means of imposing treble damages and other penalties for insignificant regulatory or contractual violations." *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2004, 195 L. Ed. 2d 348 (2016). "[A] misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be *material* to the Government's payment decision in order to be actionable under the [FCA]." *United Health Services v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002 (2016) (emphasis added).

A private plaintiff like Alejandro – a relator – may bring a civil action to enforce the FCA on behalf of the United States and may receive a share of any recovery

4

resulting from the action. *See* 31 U.S.C. § 3730(b) &(d). She filed this action on April 28, 2020 (ECF 1), and the Government declined to intervene on July 7. (ECF 2.) The relator has "the right to conduct the action" where the Government declines to intervene. *Id.* § 3730(c)(3).

To withstand Defendants' motion to dismiss, Alejandro's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). FCA *qui tam* actions must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 155 (3d Cir. 2014). To satisfy Rule 9(b), an FCA claimant must "allege 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.'" *Id.* (quoting *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). However, "describing a mere opportunity for fraud will not suffice." *United States v. Omnicare, Inc.*, 903 F.3d 78, 91 (3d Cir. 2018)

### III

Although Defendants move to dismiss Alejandro's complaint pursuant to Rule 12(b)(6), they do not argue that Alejandro's complaint lacks sufficient factual allegations to meet its requirements or the requirements of Rule 9(b). Instead, they contend she fails to state a claim upon which relief can be granted because the allegations in her Complaint "were the subject of litigation in the prior related case that was terminated" in their favor. (ECF 7 at 7.) Specifically, they argue her Complaint is

based on a "billing error" that was "litigated in the prior related case and all possible causes of action related to the billing error . . . were terminated in [their] favor." (ECF 7-2 at 10.)  As a result, they argue "both issue preclusion and claim preclusion" bar her claims.[4] (*Id.*)

Claim preclusion and issue preclusion, "are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions."  *Id.* (citation and internal quotations and alterations omitted).  "Although res judicata is an affirmative defense for a defendant to plead, . . . dismissal [under Rule 12(b)(6)] may be appropriate when it is obvious, either from the face of the pleading or from other court records, that an affirmative defense such as res judicata will necessarily defeat the claim."  *Shah v. United States*, No. 13-2383, 2013 WL 5421992, at *2 (3d Cir. Sept. 30, 2013) (citing Fed. R. Civ. P. 8(c); *Jones v. Bock*, 549 U.S. 199, 215 (2007).  "A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (*quoting Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (citations omitted).

---

[4]   Defendants also assert Alejandro's claims are "an egregious abuse of the legal system by her counsel" filed "in an attempt to leverage" a Dragonetti action Rubin filed against her and her attorney in the Court of Common Pleas.  (ECF 7-2 at 2.)  They have not shown, however, how this contention requires dismissal of her claims.

Alejandro argues she should not be precluded from pursuing FCA claims premised on Defendants' billing practices merely because her prior complaint referenced their effect on her as a private consumer. (ECF 8 at 17.) She contends Defendants' res judicata defense fails because they have not shown that the prior suit involves the same parties or their privies where the prior action belonged to her "in her individual capacity" and this "*qui tam* action belongs to the United States" and not to her. (ECF 8 at 13-14) (citing *United States ex rel. Charte v. American Tutor, Inc.*, 934 F.3d 346, 353 (3d Cir. 2019)). Defendants aruge Alejandro's prior suit meets the "same parties" requirement, although they concede the prior action "did not have the United States of America and State of Pennsylvania as Plaintiffs." (ECF 7-2 at 8.)

Although the Supreme Court has held that the United States is not a "party" where it has decided not to intervene in an FCA *qui tam* case for purposes of the appellate filing deadline, *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 931-33 (2009), that does not mean Alejandro's prior suit involved the same parties for purposes of res judicata. *Cf. In re Plavix Mktg., Sales Practices & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 235 (3d Cir. 2020) ("We must read *Eisenstein*, like any opinion, in context."). The United States remains "a real party in interest – which is to say that its financial interests are at stake." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 579 F.3d 849, 852 (7th Cir. 2009) (citing *Eisenstein*, 556 U.S. at 934-35). "It would be inappropriate to snuff out that federal interest just because a potential relator thoughtlessly omitted a *qui tam* claim from a personal suit." *Id.* As Alejandro notes, the FCA "requires a relator to provide the Government with a period to decide whether it intends to pursue the claims during which the *qui tam* suit is sealed." (ECF 8 at 15.)

7

The Act's requirements make it "awkward" to combine a *qui tam* action with a personal damages suit, reflecting "a legislative view that the United States needs protection from bumbling relators." *Lusby*, 579 F.3d at 852.

Even though Alejandro's prior suit referenced the FCA, she did not pursue and could not have pursued a claim on behalf of the United States without complying with the FCA's statutory requirements. It would be improper to bar Alejandro's *qui tam* claims as res judicata given "the Government's inability to participate in or prevent the resolution of" her previous claims. *United States ex rel. Jones & Wert Const. Specialties, Inc. v. Straub Construction, Inc.*, No. 10-1415, 2013 WL 4883152, at *3 (S.D. Cal. Sept. 12, 2013); *see also United States ex rel. Salvatore*, No. 11-1157, 2015 WL 1326327, at *5-7 (W.D. Pa. Feb. 23, 2015) (finding no claim preclusion although allegations in the plaintiff's *qui tam* complaint were "virtually identical" to those in her counterclaim in previous eviction proceedings that had been "dismissed with prejudice pursuant to the parties' settlement agreement" because it would be "inappropriate to obviate the government's interest" where it had not been possible to bring the *qui tam* claim in the prior suit), *R&R adopted* 2015 WL 1384653 (W.D. Pa. Mar. 25, 2015).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.