IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF PENNSYLANIA, | : : : |
| Plaintiffs | : NO. 2:20-cv-02027-GJP : : |
| *ex rel.* ALISHA ALEJANDRO, | : : |
| Relator | : : |
| v. | : : |
| PHILADELPHIA VISION CENTER, BARCO OPTICAL, INC., BRUCE RUBIN and DE. BETH BROOKS, | : : : : |
| Defendants | : |

**MOTION FOR JUDGMENT ON PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(C)
BY DEFENDANTS PHILADELPHIA VISION CENTER,
<u>BARCO OPTICAL, INC., BRUCE RUBIN AND BETH BROOKS, O.D.</u>**

Defendants, Philadelphia Vision Center (improperly named), Barco Optical, Inc., Bruce Rubin and Beth Brooks, O.D. ("Defendants"), by and through their counsel, The Beasley Firm, LLC, hereby move for judgment on the pleadings:

Relator's *qui tam* action under the Federal False Claims Act ("FCA") fails as a matter of law for multiple, independent, reasons:

1.      Defendant Barco's "error" in using Defendant Brooks' NPI number to bill for the medical services that another (non-Defendant) optometrist, also

1

employed by Barco, provided to Relator was not "material" to the government's decision to pay for the services provided to Relator. The requisite element of materiality cannot be met "where noncompliance ***is minor or insubstantial.***" *Universal Health Services, Inc. v. U.S.*, 136 S. Ct. 1989 (2016).

2. All of the factual underpinnings of Relator's claims were publicly disclosed on websites, the media, and even by direct statements to the third-party government administrators more than a year prior the filing of this action. A relator's suit under the False Claims Act fails as a matter of law where the allegations have already been subject to public disclosure. *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC,* 812 F.3d 294 (3d Cir. 2016).

3. Relator's claims, all of which stem from an alleged violation of the Anti-Kickback Statute ("AKS"), fail as a matter of law because Defendant Brooks was an employee of Defendant Barco Optical (Complaint at ¶ 20). Under the bona fide employee safe harbor of the AKS, payments to employees "for employment in the furnishing of any item or service for which payment may be made in whole or in part under [ ] Federal health care programs" is not considered remuneration and therefore, cannot form the basis of the AKS violation. 42 U.S.C. § 1320a-7b(b)(3)(B).

4. Relator could not assert a conspiracy claim (Count IV) against either Defendant under 31 U.S.C. § 3729(a)(1)(C) because the claim would be barred by

the intra-corporate conspiracy doctrine where Defendant Brooks was an employee of Defendant Barco Optical (Complaint at ¶ 20). The Intra-corporate conspiracy doctrine stands for the proposition that "an entity cannot conspire with one who acts as its agent." *United States v. Wavefront LLC*, 2021 U.S. Dist. LEXIS 912, *28, 2021 WL 37539 (D.N.J. 2021), citing *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313-14 (3d Cir. 2003).

The infirmities of Relator's claims under the law are manifest and manifold; all are devoid of merit. Defendants are entitled to judgment on the pleadings.

**WHEREFORE**, Defendants respectfully request this Honorable Court enter an order in the proposed form and enter judgment in Defendants favor as a matter of law.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY:   */s/ Lane R. Jubb, Jr.*
      LANE R. JUBB, JR., ESQUIRE
      1125 Walnut Street
      Philadelphia, PA 19107
      215.592.1000
      215.592.8360 (telefax)
      Lane.jubb@beasleyfirm.com
      Pa. I.D. No. 319272/314255
      Attorneys for Defendants

Dated: 10 March 2021