IN THE UNITED STATES DISTRICT COURT OF
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF PENNSYLVANIA *ex rel.* ALISHA ALEJANDRO, | :<br>:<br>:<br>: Civil Action No. 20-2027 |
| **Plaintiffs / Relator,** | : |
| v. | : |
| PHILADELPHIA VISION CENTER, BARCO OPTICAL, INC., BRUCE RUBIN, AND DR. BETH BROOKS, | :<br>:<br>: |
| **Defendants.** | : |

**UNITED STATES OF AMERICA'S STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

The United States of America (the "government" or "United States") respectfully submits this Statement of Interest, in accordance with 28 U.S.C. § 517, to present its position on an important issue raised by Defendants Philadelphia Vision Center, Barco Optical, Inc., Bruce Rubin, and Dr. Beth Brooks ("Defendants") in their Motion for Judgment on the Pleadings ("Motion," ECF 25, 27). The United States declined to intervene in this action but nonetheless remains a real party in interest and is entitled to share in any recovery that may be obtained. *See* 31 U.S.C. § 3730(d); *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934–35 (2009); *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015). Because the False Claims Act ("FCA") is the United States' primary civil tool for prosecuting fraud against the government, the United States has a substantial interest in the development of the law in this area. *See United States ex rel. Doe v. Staples, Inc.*, 773 F.3d 83, 84 (D.C. Cir. 2014) (citing S. Rep. No. 99-345, at 2 (1986)).

In their brief in support of the Motion, Defendants suggest that the FCA's scienter element requires that a party knowingly or recklessly defraud the government. *See* Defs.' Br. in Support of Mot. (ECF 27) at 15–16. This contention is an incomplete representation of the FCA's knowledge requirement, and the United States presents this short Statement of Interest to clarify that discrete issue.[1] In doing so, the United States takes no position on the facts alleged in the pleadings or the fact-based issues raised in the parties' briefing.

To prevail on a claim under the FCA, the relator must establish falsity, causation, scienter, and materiality. *See United States ex rel. Petratos v. Genetech, Inc.*, 855 F.3d 481, 487 (3d Cir. 2017). The element of scienter requires a showing that an FCA defendant acted "knowingly." 31 U.S.C. § 3729(a)(1). The FCA defines "knowing" and "knowingly" as either "actual knowledge, "deliberate ignorance, or "reckless disregard" of the "truth or falsity of the information" in the claim(s). *Id.* § 3729(b)(1)(A). Proof of a specific intent to defraud is not required. *Id.* § 3729(b)(1)(B).

To establish actual knowledge, a relator must show "subjective knowledge." *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 61 (D.D.C. 2006), *aff'd*, 530 F.3d 980 (D.C. Cir. 2008). Deliberate ignorance, on the other hand, requires "the kind of willful blindness from which subjective intent can be inferred." *Id.*

The FCA's third level of intent—reckless disregard—"is not merely a proxy for subjective intent" but rather "an extension of gross negligence or gross negligence-plus." *Id.* (internal citations and quotation marks omitted). Third Circuit has not expressly defined "reckless disregard," but many other circuit courts have likened the standard to a heightened

---

[1] The fact that the United States is not providing its views on other arguments that Defendants and the relator raise in their pending briefing should not be construed as signaling agreement or disagreement with those arguments.

2

form of gross negligence. *See, e.g.*, *United States v. King–Vassel,* 728 F.3d 707, 713 (7th Cir. 2013) ("[A] person acts with reckless disregard 'when the actor knows or has reason to know of facts that would lead a reasonable person to realize' that harm is the likely result of the relevant act.") (quoting *Black's Law Dictionary* 540–41 (9th ed. 2009)); *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency,* 530 F.3d 980, 983 (D.C. Cir. 2008) ("Reckless disregard under the FCA is an extreme version of ordinary negligence.") (quotation marks omitted); *United States ex rel. Burlbaw v. Orenduff,* 548 F.3d 931, 945 n.12 (10th Cir. 2008) (equating "reckless disregard" with "an aggravated form of gross negligence"). *But see United States ex rel. Farmer v. City of Houston,* 523 F.3d 333, 338 (5th Cir. 2008) (stating that the FCA's scienter requirement "is not met by mere negligence or even gross negligence").

The FCA, through the reckless disregard standard, is therefore "intended to reach 'persons who ignore red flags that the information [submitted in a claim] may not be accurate or those persons who deliberately choose to remain ignorant of the process through which their company handles a claim.'" *U.S. Dep't of Transp. ex rel. Arnold v. CMC Eng'g, Inc.*, 947 F. Supp. 2d 537, 544 (W.D. Pa. 2013), *aff'd sub nom. U.S. Dep't of Transp., ex rel. Arnold v. CMC Eng'g*, 567 F. App'x 166 (3d Cir. 2014) (quoting H.R. Rep. No. 660-99, at 20–21 (1986)). The FCA is not intended to "punish honest mistakes or incorrect claims submitted through mere negligence." *United States ex rel. Hefner v. Hackensack Univ. Med. Ctr.*, 495 F.3d 103, 109 (3d Cir. 2007) (quoting S. Rep. No. 99-345, at 7 (1986)). Instead, the reckless disregard standard captures "the 'ostrich' type situation where an individual has 'buried his head in the sand' and failed to make simple inquiries which would alert him that false claims are being submitted." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1058 (11th Cir. 2015) (quoting S. Rep. 99-345, at 21 (1986)). FCA defendants thus have a duty "to make such inquiry as would be reasonable and

prudent to conduct under the circumstances." *Urquilla-Diaz*, 780 F.3d at 1058 (quoting S. Rep. 99-345, at 20).

The United States takes no position on whether the relator has alleged that Defendants acted "knowingly" under the standards described above. Nor does the United States take a position on whether the pleadings evince government knowledge of the truth or falsity of the contested claims, or whether the alleged falsity was material to payment. The United States submits this Statement of Interest simply to clarify that Defendants need not have acted with an intent to defraud in order to be found liable under the FCA. The scienter requirement is satisfied so as long as Defendants submitted a claim that they knew—under any of the definitions of "knowledge" described above—contained false information. 31 U.S.C. § 3729(a)(1), (b)(1)(a).

        Respectfully submitted,

        JENNIFER ARBITTIER WILLIAMS
        Acting United States Attorney

        */s/ Charlene Keller Fullmer for*
        GREGORY B. DAVID
        Assistant United States Attorney
        Chief, Civil Division

        */s/ Elizabeth L. Coyne*
        ELIZABETH L. COYNE
        JOHN T. CRUTCHLOW
        Assistant United States Attorneys
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106
        Telephone: 215-861-8447 (Coyne Direct)
        Facsimile: 215-861-8618
        Elizabeth.Coyne@usdoj.gov

Date:  April 8, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing Statement of Interest was served on the following counsel of record via ECF:

Paul A.R. Stewart, Esq.
333 E. Lancaster Avenue, Suite 140
Wynnewood, PA 19096
*Counsel for the relator*

Lane R. Jubb, Jr.
Louis Tumolo
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
*Counsel for Defendants*

*/s/ Elizabeth L. Coyne*
ELIZABETH L. COYNE
Assistant United States Attorney

Date: April 8, 2021