IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF PENNSYLVANIA ex rel. ALISHA ALEJANDRO, <br><br> *Plaintiffs/Relator,* <br><br> v. <br><br> PHILADELPHIA VISION CENTER, BARCO OPTICAL, INC., BRUCE RUBIN, AND DR. BETH BROOKS, <br><br> *Defendants.* | CIVIL ACTION <br> NO. 20-2027 |

**PAPPERT, J.**                                                                                                             June 27, 2022

**MEMORANDUM**

Relator Alisha Alejandro sued Philadelphia Vision Center, Barco Optical, Inc., Bruce Rubin and Dr. Beth Brooks on behalf of the United States[1] under the False Claims Act's *qui tam* provisions, 31 U.S.C. § 3279, *et seq.* Alejandro alleges the Defendants submitted to government healthcare programs false reimbursement claims for eye exams.[2]

The Court granted Defendants' motion to dismiss Alejandro's Amended Complaint as to all but one set of reimbursement requests because she did not adequately allege failures to comply with regulatory requirements that "were material

---

[1]   A private plaintiff like Alejandro – a relator – may bring a civil action to enforce the FCA on behalf of the United States. *See* 31 U.S.C. § 3730(b) & (d). The relator has "the right to conduct the action" where, as here, the Government declines intervention. *Id.* § 3730(c)(3).

[2]   The Court provided a detailed summary of Alejandro's allegations and the facts underlying this dispute in its prior Opinion. *United States ex rel. Alejandro v. Philadelphia Vision Ctr.*, No. 20-2027, 2022 WL 294548 (E.D. Pa. Feb. 1, 2022).

to the Government's payment decisions." *United States ex rel. Alejandro v. Philadelphia Vision Ctr.*, No. 20-2027, 2022 WL 294548, at *1 (E.D. Pa. Feb. 1, 2022). Alejandro seeks reconsideration or leave to amend. (ECF 55.) The Court denies her motion.

I

Alejandro has not met her burden to show that reconsideration is appropriate. She must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Motions for reconsideration should be granted "sparingly" and should not be used to "rehash arguments which have already been briefed by the parties and considered and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (citation omitted). A reconsideration motion may address "only factual and legal matters that the Court may have overlooked" and should not "ask the Court to rethink what it had already thought through – rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted). Reconsideration does not provide a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Nor can it be used to assert new arguments "that a party should have raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (internal quotation and citation omitted).

II

Alejandro argues the Court's decision to dismiss her FCA claims arising from eighty-six eye exams with Philadelphia Vision Center listed as the "Performing Provider" was "clearly erroneous." (*See* Rel.'s Mem., ECF 55-1 at 2-3.)  In her view, these claims are no different from those regarding thirty-four reimbursement requests submitted using the National Provider Identifier number for Dr. Pollock after his license had expired. (*Id.* at 2.)  She contends "[a]ll the elements necessary to plead a claim against PVC are contained in the Amended Complaint," and cites allegations the Court previously reviewed and found insufficient. (*Id.* at 4.)

The Court already addressed the sufficiency of Alejandro's allegations about the Philadelphia Vision Center reimbursement claims and found them lacking.  They remain insufficient to state a claim for the reasons already explained.  Her motion does nothing more than ask the Court to rethink its prior decision.  These reimbursement claims were listed in a "summary table" attached to the Amended Complaint and Alejandro alleged no facts to show the underlying eye exams were performed by unlicensed providers or were never performed at all.  *Alejandro*, 2022 WL 294548, at *7.  Her claims were "too conclusory" to withstand dismissal because she did not identify "reliable indicia" needed to create a "strong inference" that they were "false claims that were 'actually submitted.'"  *Id.* (quoting *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 155 (3d Cir. 2014)).

Alejandro argues the Court erroneously required her to "plead evidence instead of allegations." (*Id.* at 6.)  She maintains a "relaxed standard" applies to claims alleging "a series of transactions" and that all she had to do was attach the summary table

3

"detailing eighty-six individual claims in which PVC, using an expired license, is listed as a Performing Provider" (*Id.* at 5-6). Her purported support for her argument, however, are non-binding and outdated decisions. *See General Acc. Ins. Co. of Am. v. Fidelity and Deposit Co. of Md.*, 598 F. Supp. 1223, 1232 (E.D. Pa. 1984); *In re Catanella & E.F. Hutton & Co. Inc. Sec. Litig.*, 583 F. Supp. 1388, 1387-98 (E.D. Pa. 1984). She contends "the same relaxed standard applies to a series of transactions" even after *Twombly* and *Iqbal*, citing a 2011 decision from the District of Columbia. (*Id.* at 5, *citing U.S. ex rel. Head v. Kane Co.*, 798 F. Supp 2d 186 (D.D.C. 2011).) But the Third Circuit requires an FCA relator to allege "all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where, and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016). Alejandro's summary table about the services allegedly performed by Philadelphia Vision Center does not meet this bar.

III

Federal Rule of Civil Procedure 15(a)(2) permits courts to "freely give leave" to amend "when justice so requires," but it is within the Court's discretion to determine when leave to amend is appropriate. *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017). The Court may deny leave to amend "based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Id.* at 149.

Absent reconsideration, Alejandro again asks for leave to amend so she can "more fully" set forth her claims against Philadelphia Vision Center. Her motion

4

5

provides none of the additional details she might allege if granted leave to file a Second Amended Complaint more than two years after she first filed suit. (Rel.'s Mem., ECF 55-1 at 6.) At this point, the Court has no confidence that a Second Amended Complaint would cure her previous pleadings' shortcomings.

    An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.